The next case for argument is KOSS Corporation v. Vidal 22-2091. Thank you. May it please the Court. Again, I represent KOSS Corporation and this is an appeal from consolidated final written decisions from the PTAB, again related to related patents, all from a common specification. The two patents have a common specification and are actually common to the 155 and 024 and 934 patents we talked about a little bit. These two patents, the 325 and 982, relate to true wireless earphones. These are earphones that are, both earphones are wireless, they're not physically connected when they're worn by a user. The claims of the 325 patent focus on a particular form factor which is a wireless earphone with an is a different type of form factor. It has a part extending down which we call the elongated portion that extends downwardly. So I'd like to start with the 325 patent, the decision there by the PTAB, and the key claim is claim one. Claim one recites generally a body portion, an earbud extending from the body portion, and a hanger bar on top of the user's ear. And a key piece of... Can I just ask you, I'll let you go on on the merits on this one, but the 325 one is caught up in this mootness issue too, but the 982 is not. Even if we disagree with you and find the other stuff all moot, we still have to go to the merits of the 982. I believe that's correct. I believe we did not assert a 982 patent against Plantronics. Well, you can argue whichever one you want on the merits, but I would suggest you direct your comments to the 982 since clearly we have to address that one on the merits. Alright, the 982 patent is the one where there's a downwardly extending portion from the body portion. Counsel, for the 982 patent, are you only contesting the board's finding of reasonable expectation of success, not that the prior art discloses every limitation in claim one? That's correct, yes. There's no substantial evidence to support the board's finding because it's based on Petitioner's expert, and our view is his expert opinion did not arise to the level of substantial evidence. The skill level for Fazita, in this case, was somebody with expert in wireless communications. It had nothing to do with earphone design. These patents are related to earphone form factors. When we deposed Petitioner's expert, I mean, he didn't, in our view, gave inadequate answers as to how these earphones operate, what design considerations would go into making an earphone like this, and he has superior skills to the baseline Fazita, who doesn't even have any background experience designing headphones. So, in our view, it was wrong for the board to rely on, there's no substantial evidence. My understanding of some of that depth testimony was more so that the expert was asking to review certain references in order to be able to answer the questions. Is my understanding incorrect in terms of how that depth questions and answers went down? Well, the reference was the key reference. It was Rosner and Hanke, but we weren't asking about other references. I mean, Rosner, you know, it's an earphone that has transducers. We asked him how, you know, what type of transducers would you know, how do transducers work. There were no explanations as to that. We asked him how a wireless earphone, how Rosner's particular wireless earphone, you know, processes incoming data streams that are coming in wirelessly. And these are all problems that a person with ordinary skill in the arm would need to solve in order to come up with claim one. Well, then let me just make sure I get this clarified. Other than your concerns about Dr., I think it's Cooperstock's answers to your questions of the deposition, do you have any other arguments why a skilled artist would not have a reasonable expectation of success? I think all the reasons are wrapped up in that. That's the overarching reason you gave. Is that, that's definitely a fact finding, right? That the board would make whether they thought that his testimony could be believed or not? Correct. And so that's something we would review for substantial evidence, right? Correct. Okay. But the key, the TQ Delta case, and there's other cases like it, talk about how like an inadequate expert opinion or a conclusory expert opinion does not rise to the level of substantial evidence. But it's not your view that it's conclusory. It's your view that through his deposition testimony, he showed the lack of knowledge. So the PTO's fact finder should say, you know, his deposition showed that he really doesn't know what he's talking about, so therefore we're not going to believe him, right? That's our position, but I think that kind of shows that the opinion he gave was conclusive or speculative or not well-grounded, and therefore doesn't rise to the level of substantial evidence. Okay. The other patent in this case was a 325 patent, and there the key paragraph was Rosner's paragraph 30, which talks about three different types of earphones. It talks about canal phones, which go in the ear canal. It talked about earbuds, which go in the inner ear. It talked about over-the-ear earphones. And our patent, this claim, the 325 patent is limited to earbuds, which Rosner says go in the ear. Rosner talks about securing mechanisms that help secure earphones on the ear, but in our view, paragraph 30 of Rosner equates on the ear to over-the-ear earphones, and the law or the evidence in the case was that over-the-ear earphones do not include earbuds, which are claim one of 325 patent recites. So therefore, the securing mechanisms of the ear loop and the ear clip disclosed in Rosner are only applied to the over-the-ear type headphones. The board found that Rosner expressly describes and expressly teaches earbuds with hanger bars. I just don't think that's in there in paragraph 30. And when the board found that Rosner's paragraph 30 allegedly describes these things, it was able to, it didn't have to weigh the expert evidence on whether the petitioner's argument as to why you would add the ear clips to an earbud would work. And I think once you look at the expert evidence, it's decidedly in our favor, but the board never got to that opinion because it found that Rosner expressly describes these things, but I don't think that's in there in paragraph 30. The board, the petitioner made a modified version of figure five of the Rosner patent. The board said that was representative of the petitioner's argument, but the petition never said it was representative. And it was the only evidence presented in the petition and in the case. It was the only thing COS had to rebut, and we rebutted it with expert evidence from our expert Blair who explained why the setup or the configuration of the form factor in the modified figure five would not have worked. So with that, if there's any questions, I'll reserve the remainder of my time. Thank you. Mr. Forman. May it please the court. On the 982 patent, the board relied on evidence in the record, including Dr. Cooperstock's testimony that there would have been a reasonable expectation of success in making the claimed earphone. COS doesn't really attack that at all. They're just focused on these questions that they asked him at a deposition that are really irrelevant to the subject matter of the patent. So they were asking him specific questions about individual components within the earbud such as the transducer, the analog-to-digital converter, et cetera. And rightly he didn't feel comfortable answering those questions because that was way beyond the scope of this case. And so this case was really about taking these components, which existed well before the 982 patent, and putting them together in a package that would be both lightweight and compact But if he didn't understand how these individual components worked or what they were, how could he opine on how you would combine these to come up with the patent I mentioned? I don't think he said that he didn't understand how they worked. He was very hesitant to answer questions during his deposition that were beyond the scope of what he had put in his expert report. I mean, while he may not have shared all this information during his deposition, I think one look at the Hanke reference, which is one of the references in this case, should dispel any concern that there wouldn't have been a reasonable expectation of success. Hanke includes 50-plus figures showing every detail about how one of ordinary skill would have designed an earbud. It goes into great detail about how one of ordinary skill would take a regular circuit board and convert that to a flexible circuit board and how you would fit that flexible circuit board inside the earphone. I mean, it's got a level of detail that goes way beyond anything in the 982 patent. So the board found that the 982 patent doesn't explain any of this stuff in any great detail. So it should be understood that one of ordinary skill would know this information sufficiently to build the headphone. I assume that you agree that at least with respect to the appeal that involves the 325, that there would be a mootness problem here, but I don't know if you want to speak to that. We didn't take a position on the issue. We're aware that Bo has filed this motion to dismiss, but I don't think the office wanted to give a... Can I ask you a hypothetical? Sure. If we find that the invalidity finding by the district court was spinal and binding, then that would affect the 325 here. Correct. Wouldn't it? Correct. I agree with that. And on the 325, the only factual issue is whether the Rosener reference discloses an in-ear earbud with a curved hanger bar. And the board read the reference, and the reference reasonably discloses that limitation. And so under substantial evidence, as long as the board's conclusion on what Rosener discloses is plausible, this court should affirm. So I'm happy to answer any questions. Thank you. Thank you again. The 982 patent does relate to wireless earphones, so the earphones have to process incoming data streams in order to decode them and play them, and it has to fit a transducer in the body of the earphone in order to play the sound audibly. So these are all important concepts to designing an earphone, a wireless earphone, and these are concepts that Dr. Cooperstock had a difficult time answering. My colleague is correct that Hanke is very thorough, but Hanke is not about TWS earbuds. Hanke is about a single earphone. Third, on that 982 patent, although my colleague didn't mention Henry Epstein, it's kind of what I think he was talking about, how the 982 patent doesn't have the disclosures that would make it enabling over and above what Rosener discloses, but the fact it does, the 982 patent, I believe it's at column six, talks about using an SOC to combine all the electronics into a small single integrated circuit to fit a small form factor. The patent even says it's conducive to miniaturization. There's no teaching like that in Rosener. Going back to the 325 patent, it's not plausible that you could read paragraph 30 of Rosener and say it teaches an earphone with an earbud that has an earhook. Paragraph 30 clearly connects securing mechanisms to keep the earphone on the ear and earbuds go in the ear. So with that, if there's any questions. Thank you.